IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARC ELLMAN, MD., P.A., D/B/A § <br> SOUTHWEST EYE INSTITUTE; and § <br> VISTA SURGERY CENTER, LLC § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MDOFFICE; EYE CARE LEADERS; § <br> and GLOBAL GROWTH, LLC § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:21-cv-00290 |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants MDoffice, LLC ("MDoffice"); Eye Care Leaders Holdings, LLC ("ECL"); and Eli Global, LLC ("Eli Global")[1] give notice and hereby remove this action from the 448th Judicial District Court, El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division, and in support show:

## STATE COURT ACTION

1.     On or around October 22, 2021, Plaintiffs Marc Ellman, MD., P.A., D/B/A Southwest Eye Institute ("SWEI") and Vista Surgery Center, LLC ("Vista") filed Plaintiff's [sic] Original Petition and Request for Injunctive Relief, styled *Marc Ellman, MD, P.A., D/B/A Southwest Eye Institute and Vista Surgery Center, LLC v. MDOffice, et al.*, bearing Cause No. 2021DCV3748, against Defendants, currently pending in the 448th Judicial District Court, El Paso County, Texas ("State Court Action").

---

[1] Eli Global is incorrectly identified as "Global Growth, LLC" and "Eli Global Group, LLC" in Plaintiff's Original Petition.

**NOTICE OF REMOVAL**                                                                                                                     Page 1
27565271v1 92132.040.39

2. Plaintiffs' lawsuit concerns allegations for breach of contract, breach of express warranties, breach of implied warranty of merchantability, violation of the Texas Deceptive Trade Practices Act, and requests for temporary and permanent injunctive relief.

## PROCEDURAL REQUIREMENTS & SUPPORTING EXHIBITS

3. ECL and Eli Global were served on October 29, 2021. MDoffice was served on October 30, 2021. Defendants are removing the State Court Action within 30 days of service. Thus, this notice of removal is timely filed within the period allowed by 28 U.S.C. § 1446(b).

4. Venue is proper in the United States District Court for the Western District of Texas, El Paso Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 124(b)(2).

5. Pursuant to 28 U.S.C. § 1446(a), counsel for Defendants verifies that a true and correct copy of the entire file of record in the State Court Action, along with other supporting documents, are attached to this Notice:

| Exhibit | | Description |
|---|---|---|
| A | | State Court Docket Sheet |
| B | | All pleadings that assert causes of action, all answers, and all process and orders from the State Court |
| | 1 | Plaintiff's [sic] Original Petition and Request for Injunctive Relief |
| | 2 | Citation – MDoffice |
| | 3 | Return of Service – MDoffice |
| | 4 | Citation – ECL |
| | 5 | Return of Service – ECL |
| | 6 | Citation – Eli Global |

|  | 7 | Return of Service – ECL |
|--|---|--|

6. Simultaneously with the filing of this *Notice of Removal*, Defendants are filing notice of the removal in the 448th Judicial District Court, El Paso County, Texas, pursuant to 28 U.S.C. § 1446(a), and will provide written notice of the filing of this *Notice of Removal* to all parties as required by 28 U.S.C. § 1446(a).

## DIVERSITY JURISDICTION

7. Removal of a state court civil action to federal court is proper where the parties are citizens of different states and the matter in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) & 1441(a). For purposes of determining whether diversity jurisdiction exists in federal court, an LLC is a citizen of every state of which its members are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Conversely, citizenship of a professional association is determined in the same manner as citizenship of a corporation. *See Zenith Ins. Co. v. Tex. Inst. for Surgery, LLP*, No. 3:18-CV-0182-D, 2018 WL 5297754, at *1 n.1 (N.D.T.X. Oct. 25, 2018) (applying *Neely v. Wilson*, 418 S.W.3d 52, 72 (Tex. 2013) ("The [Texas] Legislature has endowed professional associations with many of the same privileges that corporations enjoy. Indeed, the [Texas] Business Organizations Code specifies that, '[e]xcept as provided by Title 7, a professional association has the same powers, privileges, duties, restrictions, and liabilities as a for-profit corporation.'")).

### A. Diversity Between the Parties

8. Complete diversity exists among all parties.

9. Plaintiff SWEI is a professional association incorporated under Texas law and has its principal place of business in Texas.

10. Plaintiff Vista is a limited liability company organized under the laws of Texas and, upon information and belief, Vista's sole member is Marc Ellman, an individual and citizen of Texas.

11. Defendants MDoffice and ECL are citizens of Delaware and Florida.

12. Defendant MDoffice is a limited liability company organized under the laws of Delaware and MDoffice's sole member is another limited liability company organized under the laws of North Carolina whose sole member is Defendant ECL.

13. Defendant ECL is a limited liability company organized under the laws of North Carolina. ECL's sole member is another limited liability company organized under the laws of North Carolina. That limited liability company's sole member is another limited liability company, also organized under the laws of North Carolina. That limited liability company's sole member is another limited liability company, also organized under the laws of North Carolina. That limited liability company's sole member is another limited liability company, also organized under the laws of North Carolina, whose sole member is a Delaware corporation with its principal place of business in Orlando, Florida. Therefore, Defendants MDoffice and ECL are citizens of Delaware and Florida for purposes of diversity jurisdiction.

14. Defendant Eli Global is a limited liability company organized under the laws of North Carolina and Eli Global's sole member is Greg Lindberg, an individual and citizen of Nevada. Therefore, Eli Global is a citizen of Nevada for purposes of diversity jurisdiction.

B. **Amount in Controversy**

15. The amount in controversy exceeds $75,000. The sum a plaintiff demands in good faith in the complaint usually establishes the amount in controversy. 28 U.S.C. § 1446(c)(2). Here, Plaintiff seeks damages of at least $10,397,337.77. Accordingly, the amount in controversy exceeds $75,000 and removal is proper.

## CONCLUSION

16.     Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441 because there is complete diversity among the parties and more than $75,000 in controversy. Accordingly, Defendants MDoffice, ECL, and Eli Global remove the State Court Action to the United States District Court for the Western District of Texas, El Paso Division, so that this Court may assume jurisdiction over the cause as provided by law.

Dated: November 26, 2021                                       Respectfully Submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

/s/ *Jared T.S. Pace*
Aaron Z. Tobin
State Bar No. 24028045
atobin@condontobin.com
Jared T.S. Pace
State Bar No. 24079098
jpace@condontobin.com
Justin D. Hanna
State Bar No. 24095726
jhanna@condontobin.com

8080 Park Lane, Suite 700
Dallas, Texas 75231
*Telephone: (*214) 265-3800
*Facsimile:  (*214) 691-6311

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 26, 2021, a true and correct copy of the foregoing pleading has been served on the following counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure:

John M. Dickey
Gordon Davis Johnson & Shane P.C.
4695 N. Mesa Street, Ste. 100
El Paso, Texas 79912
jdickey@eplawyers.com

                                                    /s/ *Jared T.S. Pace*
                                                    Jared T.S. Pace